IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DESIGNER PLASTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 98-AR-1026-M |
| ACE TRANSPORTATION, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ENTERED
AUG - 1 2000

**MEMORANDUM OPINION**

Before the court is plaintiff's motion to disqualify the law firm of Clark & Scott, P.C. ("Clark & Scott"), and all attorneys associated with the firm, from representing defendant, Ace Transportation, Inc. ("Ace"). Plaintiff, Designer Plastics ("DP"), contends that Clark & Scott's continued representation of Ace would violate Rule 1.10 of the Alabama Rules of Professional Conduct. For the reasons set out more fully in this memorandum opinion, the court agrees.

**Undisputed Facts[1]**

On or around July 8, 1996, Ace entered into an agreement to deliver to DP one 43 mm Continua Printing Machine which it had

---

[1] The court notes that the undisputed fact section in this memorandum opinion quotes directly much of DP's fact section in its motion to disqualify because Ace has not contested and/or offered its own version of these facts.



purchased from defendant Tampoprint. When the machine was delivered, it was damaged. When DP's President, David Randall Mosley, discovered the damage, he contacted Barry Hair ("Hair") of the law firm, Hare, Hair & White, P.C., to discuss the situation.

Hair went to DP's headquarters in Arab, Alabama and inspected the damage. He investigated the matter and provided legal advice and recommendations to DP. Hair then gave notice to Ace of DP's intent to make a claim for damages. He discussed DP's claim with Ace's insurance carrier. He also arranged and attended on DP's behalf an inspection conducted by Ace's insurance carrier's representative. During the course of his investigation of the matter, Hair reviewed confidential documents produced to him by DP and he interviewed DP employees.

On May 8, 2000, Hair ceased his connection with the law firm of Hare, Hair & White, P.C. On May 22, 2000, Hair became employed by Clark & Scott. Clark & Scott was then representing Ace in the same matter in which Hair formerly had represented DP. DP had filed this lawsuit in late April, 1998. DP filed its motion to disqualify Clark & Scott on June 22, 2000.[2]

---

[2] Ace correctly has not argued that DP in any way waived its right to object to Clark & Smith's representation by failing to make a timely objection. DP filed its motion only one month after Hair accepted employment with Clark & Scott. Cf. Cox v. American Case Iron Pipe Company, 847 F.2d 725 (11th Cir. 1988). Thus, waiver is not an issue.

**Applicable Legal Standards**

Ace does not dispute that Hair's **individual** participation in the defense of Ace would be improper under Rule 1.9 of the Alabama Rules of Professional Conduct.[3]  Rule 1.9 states:

CONFLICT OF INTEREST: FORMER CLIENT

> A lawyer who has formerly represented a client in a matter shall not thereafter:
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after consultation.

Because DP's interests are materially adverse to Ace and because the matter is the **same** matter in which Hair formerly represented DP, he clearly could not represent Ace unless DP consented, which it has not.  Thus, the question in this case is not whether Hair himself can represent Ace, but whether his disqualification is imputed to his new firm, Clark & Scott.

Rule 1.10 of the Alabama Rules of Professional Conduct deals with imputed disqualification, and it states:

IMPUTED DISQUALIFICATION: GENERAL RULE

> (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them

---

[3] Ace's Response to DP's motion to disqualify states, "That Mr. Hair's individual participation in the defense of Ace Transportation would be improper is hardly disputed."  Response at 1.

3

>practicing alone would be prohibited from doing so by
>Rules 1.7, 1.8(c), 1.9 or 2.2.
>(b) When a lawyer becomes associated with a firm, the
>firm may not knowingly represent a person in the same or
>a substantially related matter in which that lawyer, or
>a firm with which the lawyer was associated, had
>previously represented a client whose interests are
>materially adverse to that person and about whom the
>lawyer had acquired information protected by Rules 1.6
>and 1.9(b) that is material to the matter.

The comment to Rule 1.10 points out that subsection (a) pertains to lawyers who already work within the same firm while subsection (b) applies to situations in which a lawyer moves to a new firm, as is the case here.

As this court has already pointed out, Ace does not dispute that Hair's individual representation of Ace would be improper, nor does Ace dispute the facts presented by DP which demonstrate that Hair obtained confidential information relating to DP's representation. Therefore, section 1.10(b) by its express wording would prevent Clark & Scott from representing Ace. However, the comment to Rule 1.10 warns: "If the concept of imputed disqualification were defined with unqualified rigor, the result would be radical curtailment of the opportunity of lawyers to move from one practice setting to another and of the opportunity of clients to change counsel." The comment accordingly suggests a rule based on a "functional analysis." The court is not entirely

4

sure what this means. The plain language of the rule is unequivocal: if the requirements of the rule are met regarding the attorney who has moved to the new firm, "[T]he firm **may not**" represent the client (emphasis added). However, the court is not oblivious to the practical realities of the current legal market. Attorneys change firms more rapidly than Hillary Rodham Clinton changes her hairstyle. The comment appears to address this reality.

Alabama case law (both state and federal) on imputed disqualification is limited, and this court is not helped much by the few cases out there. The most pertinent case, Roberts v. Hutchins, 572 So.2d 1231 (Ala. 1990), was decided before the adoption of the new Rules, and the one reported case decided after the new Rules went into effect deals with subsection (a), **not** subsection (b) of Rule 1.10. See Green v. Montgomery County, Alabama, 784 F.Supp. 841 (M.D. Ala. 1992). Thus, this court is faced essentially with a matter of first impression.

If a "functional analysis" means balancing the equities of the particular case and its particular facts, the court it is convinced that disqualification is proper in this case. Although Clark & Scott has represented Ace since May of 1998, DP points out that

5

this case has been stayed pending appeal since January of 1999, and that prior to that time, Ace's only participation in discovery was to attend one deposition in November 1998 and to propound written discovery in December 1998. Thus, although it clearly will be an inconvenience for Ace to obtain new counsel, this court does not believe that Ace will suffer such a level of hardship as to override or excuse Clark & Scott from the clear wording of Rule 1.10.

Finally, to the extent that Ace may be making a "Chinese wall" argument, the court rejects that way around Rule 1.10. As the Alabama Supreme Court noted in Roberts, 572 So.2d at 1234 n.3, the "Chinese wall" defense is available under the new Rules only in cases involving the movement of lawyers between the government and private firms. The Court further stated that it was not its intent in adopting the new rules "for the 'Chinese wall' defense to be available in cases involving the movement of lawyers between private law firms." Id.

## Conclusion

For the aforementioned reasons, the court will grant DP's motion to disqualify Clark & Scott from representing Ace.

A separate and appropriate order will be entered.

DONE this 1st day of August, 2000.

                                       /s/ William M. Acker, Jr.
                                       WILLIAM M. ACKER, JR.
                                       UNITED STATES DISTRICT JUDGE